**HAI JIE ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–4485–ag.

United States Court of Appeals, Second Circuit.

July 12, 2006.

Jan Potemkin, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Hai Jie Zheng petitions for review of the BIA's August 2004 decision in which the BIA affirmed Immigration Judge ("IJ") William P. Van Wyke's order denying Zheng's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We assume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility determination is based largely on Zheng's demeanor during the hearing. In such a case, this Court's review of the credibility finding is highly deferential. *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. Zheng's hesitations, confusion, and inability to answer questions that related specifically to his claims of prosecution unless phrased or ordered in a particular way led the IJ to conclude that he was testifying from a script rather than from actual experience. Because the IJ alone was in a position to observe Zheng's demeanor, which is crucial to the IJ's decision, this Court must defer to the IJ's findings regarding the applicant's testimony. *See Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963,

963–64 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74.

Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal to petitioner's credibility if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000).

The IJ found that Zheng had testified inconsistently with respect to how many times the police allegedly went to his house looking for him while he was hiding at his grandfather's house, an inconsistency that does not emerge from the record. Next, the IJ cited Zheng's inability to identify his mother's medication, a largely trivial omission. However, the IJ also cited a contradiction between Zheng's testimony that his father went to Fuzhou in 1995 and his household registration booklet which stated that Zheng's father came to the United States in 1995. This contradiction, which is evident in the record, goes to the heart of Zheng's claim, since it was his father who supposedly notified him of the police visits in 2001.

The IJ's adverse credibility determination as a whole appears to be supported by substantial evidence. Because Zheng failed to carry his burden for asylum, he cannot establish his eligibility for withholding of removal either. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

Regardless of the IJ's adverse credibility determination, the IJ found that Zheng had failed to establish that he suffered past persecution or had a well-founded fear of persecution upon his return to China. First, while Zheng alleges that police sought to arrest him, he concedes that he was not arrested. The IJ's finding that Zheng did not allege facts supporting a well-founded fear of future persecution was also reasonable and supported by substantial evidence. The IJ was entitled to consider the relatively small scale of Zheng's resistance to the government's health care policy, the lack of evidence of continuing interest in Zheng by authorities in China, the fact that Zheng's family members have not been subject to harassment or other ill treatment prior to or since Zheng's departure, and most importantly, the fact that Zheng testified himself that he knew of no others who have spoken out against the government and were thereafter persecuted.

The IJ's adverse credibility finding focused on Zheng's claims of persecution, including his fear of persecution upon his return to China. Thus, because the IJ's ruling relied on adverse credibility grounds that relate to the likelihood that Zheng would be tortured, there was a proper basis for the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).